**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LEE ANDREW JOHNSON,**

    **Plaintiff,**

**vs.**                                                 **Case No. 4:05cv183-WS/WCS**

**A. KENT,
C.G. ATKINS,**

    **Defendants.**

                                       /

**O R D E R**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A and is insufficient to state a claim at this time. The complaint is not in proper form as required by N.D. Fla. Loc. R. 5.1, is not on current court forms, and does not contain an appropriately completed first page. Additionally, the complaint does not comply with FED. R. CIV. P. 8.

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint does not comply with this Rule. It is not presented in an organized fashion, and is difficult to determine

the actions about which Plaintiff is complaining.  Plaintiff will be afforded a complaint form for use by state prisoners in this court, and Plaintiff shall organize his claims as provided for on the form.  Plaintiff shall clearly state the facts in support of his claims in a clear and concise fashion.

Plaintiff has named two individuals as Defendants in this case, but Plaintiff's allegations only present facts relevant to one Defendant, Mr. Kent.  If Plaintiff is unable to state exactly how Defendant Atkins violated Plaintiff's rights, Plaintiff should omit this Defendant from the amended complaint.  Furthermore, Plaintiff must demonstrate that he complained through the Department's grievance procedures about Defendant Atkins.

Additionally, Plaintiff submitted a document to this Court indicating that he has attempted on several occasions to mail something to the Court, but which has not been received by the Clerk's office.  Doc. 8.  Plaintiff's notice will be provided to the Inspector General's office for review.  Plaintiff is advised to confirm his mailing efforts with the mail log at his Institution and if there is a discrepancy in what Plaintiff believes he mailed and what was actually mailed for Plaintiff, he is advised to provide this Court with the documentary evidence (mail logs) to support his claim that someone at the institution is interfering with Plaintiff's outgoing mail.

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights

cases, more than conclusory and vague allegations are required to state a cause of action.  See, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, Plaintiff should delete or drop that person as a Defendant from the complaint.  In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

The amended complaint, clearly labeled as such, must contain all of Plaintiff's allegations and should not in any way refer to the original complaint.  An amended complaint completely replaces all previous complaints and they are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff must submit those grievances which demonstrate exhaustion of administrative remedies with the amended complaint.  Plaintiff should keep an identical copy of the amended complaint for himself, and the amended complaint that is filed with the Court must contain Plaintiff's original signature.  Plaintiff shall not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form for use by state prisoners so that Plaintiff can file the amended complaint in its entirety.

2.  Plaintiff shall have until **September 13, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

4.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than September 13, 2005.

**DONE AND ORDERED** on August 11, 2005.

        **s/    William C. Sherrill, Jr.**
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**